Bingham McCutchen LLP
WENDY M. LAZERSON (SBN 97285)
wendy.lazerson@bingham.com
CHRISTINE DE BRETTEVILLE (SBN 198167)
christine.debretteville@bingham.com
1900 University Ave., 4th Floor
E. Palo Alto, California 94202-2212
Telephone: 650. 849.4400
Facsimile: 650.849.4800

Attorneys for Defendant
THE PERMANENTE MEDICAL GROUP, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ORIGINAL

| | |
|---|---|
| JANET ESTEBAN <br><br> Plaintiffs, <br><br> v. <br><br> KAISER FOUNDATION HOSPITALS, a Corporation, THE PERMANENTE MEDICAL GROUP, INC. a Corporation, KATHRYN ZENDER, YVETTE CARMEGNAN, and DOES 1-50, inclusive <br><br> Defendants. | No. CV 10 3129 LB <br><br> NOTICE OF REMOVAL OF CIVIL ACTION <br><br> [Filed concurrently herewith: (1) Declaration of Mitchell Fox in support thereof; (2) Corporate Disclosure Statement; (3) Certificate of Interested Parties, and (4) Civil Cover Sheet.] <br><br> Complaint Filed: June 9, 2010 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant The Permanente Medical Group, Inc. ("TPMG"), by and through its counsel, files this Notice of Removal to remove the state court action described below to the United States District Court, Northern District of California, San Francisco Division, under 28 U.S.C. sections 1441 and 1446, based upon federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. §185(a). This Court's jurisdiction derives from section 301 of the Labor Management Relations Act ("LMRA § 301"), in that the complaint alleges causes of action governed exclusively by the collective bargaining agreement between Defendant TPMG on the one hand and United Healthcare Workers-West, on the other. (A true and correct copy of the Agreement is attached to the Declaration of Mitch Fox, filed

A/73432511.1

1  concurrently herewith). As explained further below, resolving those causes of action will require
2  interpretation of the collective bargaining agreement. *See* 29 U.S.C. § 185(a); *Young v.*
3  *Anthony's Fish Grottos, Inc.,* 830 F.2d 993, 999 (9th Cir. 1987). Accordingly, Plaintiff's state
4  law claims are completely preempted by LMRA § 301, thus creating exclusive federal question
5  and removal jurisdiction over this action.

6  In support of the removal of this action, Defendants state as follows:

7  ## STATE COURT ACTION

8  1. On June 9, 2010, Plaintiff Janet Esteban filed a Complaint against TPMG,
9  Kaiser Foundation Hospitals ("KFH"), Kathryn Zender, and Yvette Carmegnani in the Superior
10 Court of the State of California, County of San Francisco, Case No. 10-500630. The Complaint
11 alleges the following cause of action: (1) negligence; (2) defamation per se; and (3) libel. A true
12 and correct copy of the Complaint is attached hereto as part of the entire state court file attached
13 as Exhibit A.

14 2. On July 13, 2010, Plaintiff filed a dismissal of the claim against KFH. *See*
15 Exhibit A. On July 15, 2010, Defendant TPMG filed an answer in state court. A true and
16 correct copy of the Answer is attached as part of Exhibit A.

17 3. To the best of TPMG's knowledge, the individual defendants have not
18 been served.

19 ## TIMELINESS OF REMOVAL

20 4. TPMG was served by substitute service on June 14, 2010. Pursuant to
21 California Civil Procedure Code Section 415.20, service was effected on June 24, 2010. (A copy
22 of the proof of service is part of the state court file attached hereto as Exhibit A.) This Notice of
23 Removal is timely as it has been filed within thirty days after service of the Complaint was
24 effected. *See* § 28 U.S.C. 1441(b).

25 ## JURISDICTION

26 5. Federal Question. This is a civil action over which this Court has original
27 jurisdiction pursuant to 28 U.S.C. § 1331 and is one that may be removed to this Court by
28 Defendants pursuant to the provisions of 28 U.S.C. § 1441(b) in that it arises under the federal

A/73432511.1                                    2

1    Labor Management Relations Act, which creates original jurisdiction in the federal courts over

2    claims for violation of a collective bargaining agreement, regardless of the citizenship of the

3    parties. 29 U.S.C. § 185(a). *See Franchise Tax Board v. Construction Laborers Vacation Trust,*

4    463 U.S. 1, 23 (1983)(a suit under Section 301 is "purely a creature of federal law").

5    6.    Complete Preemption by LMRA § 301. State law claims that require the

6    interpretation of a collective bargaining agreement are preempted by Section 301 of the LMRA.

7    29 U.S.C. § 185(a); *Associated Builders & Contrs. V. Local 302 IBEW,* 109 F.3d 1353, 1356

8    (9th Cir. 1997); *Young v. Anthony's Fish Grottos, Inc.,* 830 F.2d 993, 997-999 (9th Cir. 1987).

9    Such claims must be recast as §301 claims and, as such, are removable to federal court.

10   *Associated Builders,* 830 F.3d at p. 1356; *Young,* 830 F.3d at p. 1002.

11   7.    Although Plaintiff does not plead the facts demonstrating that her

12   employment was governed by a collective bargaining agreement, Defendant offers irrefutable

13   evidence that it was. *See Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) (allowing

14   removing party to submit evidence to establish federal jurisdiction). Plaintiff was at all times

15   during her employment a member of the Service Employees International Union -- United

16   Healthcare Workers-- West labor union ("UHW"). (*See* Declaration of Mitchell Fox ("Fox

17   Decl."), ¶ 2, filed concurrently herewith) UHW was a party to a collective bargaining agreement

18   with Defendant the ("CBA"). (*Id,* ¶ 2 & Ex. A.) The CBA expressly governs the termination

19   process. (*Id.* at pp. 117-118.)

20   8.    Plaintiff's claims for negligence, libel and slander all arise out of conduct

21   alleged to have occurred in connection with Plaintiff's termination from employment.

22   Specifically, Plaintiff claims that she was terminated because of false allegations made against

23   her by Ivette Carmegnani. (Complaint, ¶ 8.) Each of the separate causes of action refers back to

24   the primary allegations of these false statements (*see id.,* ¶¶ 11, 16, 30). Plaintiff's negligence

25   claim does not assert any specific wrongful conduct apart from the making and use of the alleged

26   false statements. (*Id.,* ¶¶ 11-15.) The defamation cause of action specifically states that the

27   allegedly wrongful publications were made "when Defendants issued a notice of termination to

28   Plaintiff, terminating her employment for allegedly engaging in series of unethical violations,

A/73432511.1                                          3

1  dishonesty, unauthorized access to records, unauthorized medical treatment, and retaliation."

2  (*Id.*, ¶ 18). Finally, Plaintiff's libel claim is based on the same termination letter: "These false

3  and libelous statements were express: the publication on Defendant Kaiser's letter stating that

4  Plaintiff engaged in unauthorized medical treatment, access to medical records and retaliation,

5  among other allegations." (*Id.*, ¶ 31.) Thus, the only wrongful conduct and defamatory or

6  libelous "publication" alleged in the Complaint is alleged to have occurred during the discharge

7  process.

8          9.      Because the allegedly defamatory and libelous statements (which also

9  comprise the "negligent" conduct alleged in the first cause of action) were made in the course of

10  Plaintiff's termination, and Plaintiff's termination is governed by the CBA, such claims are

11  inextricably intertwined with the CBA. *See Stallcop v. Kaiser Foundation Hospitals*, 820 F.2d

12  1044, 1049 (9th Cir. 1987)(holding that claims of misrepresentation, and intentional and

13  negligent infliction of emotional distress which grew out of the plaintiff's discharge were

14  governed by the collective bargaining agreement and therefore preempted); *Shane v. Greyhound*

15  *Lines, Inc.,* 868 F.2d 1057, 1063 (9th Cir. 1989) (holding that defamation claims based on

16  statements made in discharge notice were preempted where CBA required employer to notify

17  employees of intended disciplinary action in writing); *Scott v. Machinists Auto. Trades. D. Lodge*

18  *190,* 827 F.2d 589 (9th Cir. 1987)(holding that defamation claim that arose from remarks made

19  in the course of a counseling session and investigation was preempted by Section 301 because

20  the company's disciplinary proceedings were governed by a collective bargaining agreement.)

21  Accordingly, all of Plaintiff's claims are completely preempted by Section 301 of the LMRA,

22  providing original jurisdiction in the federal court and grounds for removal of this action. *See*

23  *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 23 (1983)(a suit

24  under Section 301 is "purely a creature of federal law").

25                             **VENUE AND INTRADISTRICT ASSIGNMENT**

26          10.      Plaintiff originally filed this action in the California Superior Court,

27  County of San Francisco. Plaintiff alleges that she worked and resided in the city and county of

28  San Francisco and that defendant TPMG was doing business in the county of San Francisco at all

A/73432511.1               4

1 relevant times. (Compl., ¶¶1-2.) Accordingly, venue lies in the Northern District of California

2 under 28 U.S.C. §§ 1441(a), 1446(a), and 84(a), and assignment to the San Francisco Division of

3 the Northern District is proper under N.D. Cal. Local Rule 3-2(d).

4 **COMPLIANCE WITH 28 U.S.C. SECTION 1446**

5    11.    Pursuant to 28 U.S.C. 1446(a), copies of all documents received by

6 Defendants' counsel in the state court action are being filed with this Notice of Removal.

7    12.    Pursuant to 28 U.S.C. section 1446(b), this Notice of Removal is being

8 filed within 30 days of the service on Defendants of the pleadings setting forth the claim for

9 relief upon which the state court action is based.

10    13.    Pursuant to 28 U.S.C. 1446(d), Defendant will promptly provide written

11 notice of the removal of the state court action to Plaintiffs, through their attorneys of record, and

12 to the Superior Court of the State of California, County of San Francisco.

13

14    WHEREFORE, Defendant respectfully requests that this case be removed from the

15 Superior Court of the State of California, County of San Francisco to the United States District

16 Court, Northern District of California, San Francisco Division, for final determination.

17

18 DATED: July 16, 2010                    Bingham McCutchen LLP

19

20

21 By: _____
                    Christine de Bretteville
22                 Attorneys for Defendant
                THE PERMANENTE MEDICAL GROUP,
23                          INC.

24

25

26

27

28

EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Kaiser Foundation Hospitals, a Corporation. The Permanente Medical Group, INC., a Corporation, Kathryn Zendri, Yvette Carmignani, Does 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Janet Esteban

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

RECEIVED

JUN 16 2010

W.W. PETRICK

Ruth Goong

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Francisco Superior Court

**CASE NUMBER:** *(Número del Caso):* CGC - 10 - 500630

400 McAllister Street,
San Francisco CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Arkady Itkin, Law Office of Arkady Itkin, 335 Powell St., 14th Fl, San Francisco, CA 94102; (415) 640-6765.

| DATE: *(Fecha)* | JUN - 9 2010 | CLERK OF THE COURT | Clerk, by *(Secretario)* | D NATT | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

**BY FAX**

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* THE PERMANENTE MEDICAL GROUP, INC a corporation

   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
[American LegalNet, Inc.]

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Arkady Itkin (SB# 253194)
Law Office of Arkady Itkin
335 Powell Street, 14th Floor
San Francisco, CA 94102
TELEPHONE NO: (415) 640-6765    FAX NO: (415) 508-3474
ATTORNEY FOR *(Name):* Plaintiff, Janet Esteban

FOR COURT USE ONLY

ENDORSED FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

JUN - 9 2010

CLERK OF THE COURT
By: _____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME:

CASE NAME:
ESTEBAN v KAISER FOUNDATION HOSPITALS

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder  CGC-10-500630    Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:    DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[✓] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action *(specify):* 3
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 8, 2010

Arkady Itkin
*(TYPE OR PRINT NAME)*
_____ *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*
BY FAX

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
CIVIL CASE COVER SHEET
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*
American LegalNet, Inc.

ENDORSED FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

JUN - 9 2010

CLERK OF THE COURT
D. NATT
Deputy Clerk

1 Arkady Itkin, Esq. (SB# 253194)
The Law Office of Arkady Itkin
2 335 Powell Street, 14th Floor
San Francisco, CA 94102
3 Tel. (415) 640-6765
Fax. (415) 508-3474

CASE MANAGEMENT CONFERENCE SET

4

Attorney for Plaintiff
5 JANET ESTEBAN

NOV 1 2 2010 · 9:00 AM

DEPARTMENT 212

6

7

8 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 COUNTY OF SAN FRANCISCO

10 UNLIMITED CIVIL JURISDICTION

11

12 JANET ESTEBAN,

CASE No. 10 . 500630

13              Plaintiff,

14      v.                                  COMPLAINT FOR DAMAGES AND
                                            REQUEST FOR JURY TRIAL
15 KAISER FOUNDATION HOSPITALS, a
Corporation, THE PERMANENTE            1.    NEGLIGENCE;
16 MEDICAL GROUP, INC., a Corporation,   2.    DEFAMATION PER SE;
KATHRYN ZENDER,                        3.    LIBEL.
17 YVETTE CARMEGNANI, and DOES 1-
50, inclusive,
18

19              Defendants.

20                                          BY FAX

21

22      Plaintiff, JANET ESTEBAN, complains against Defendants, and each of them, demands a

23 trial by jury of all issues and for all causes of action alleges:

24          FACTS COMMON TO MORE THAN ONE CAUSE OF ACTION

25      1.  At all relevant times to this action, Plaintiff Janet Esteban was employed in the City

26 and County of San Francisco, and all the acts alleged herein, which give rise to this action,

27 occurred in the County of San Francisco.

28      2.  At all relevant times to this action, Defendants Kaiser Foundation Hospitals and the

Permanete Medical Group, Inc., were California corporations doing business in the County of

1

1  San Francisco.

2      3.   At all relevant times to this action, Defendants Kathryn Zender and Yvette
3  Carmegnani were individuals employed in the County of San Francisco.

4      4.   At all times mentioned herein, each and every defendant was an agent and employee of
5  each and every other defendant.  In doing the things alleged in the causes of action into which
6  this paragraph is incorporated by reference, each and every defendant was acting within the
7  course and scope of this agency or employment and was acting with the consent, permission, and
8  authorization of each of the remaining defendants.  All actions of each defendant alleged in the
9  causes of action into which this paragraph is incorporated by reference or ratified and approved
10  by the officers on any certain agents of every other defendant..

11     5.   The true names and capacities of the defendants sued herein under the Code of Civil
12  Procedure § 474 as Does 1-50, are unknown to the Plaintiff and are therefore sued said
13  defendants by such fictitious names and will amend this complaint to include their true names
14  and capacities when they are ascertained, together with appropriate charges and allegations.
15  Plaintiff is informed and believes, and on such information and belief alleges, that each of the
16  fictitiously named defendants, unless otherwise alleged, are responsible in some manner for the
17  recurrences herein alleged, and that Plaintiff's injuries were proximately caused by these
18  defendants.

19     6.   Plaintiff has been employed with the Defendant Kaiser Permanente for nearly 19 years
20  as Medical Assistant prior to her termination. Plaintiff was a good worker who was highly liked
21  and admired by her colleagues and staff.

22     7.   In or around March 2007, Plaintiff requested and was denied accommodations to her
23  medical condition. At that time, Plaintiff's manager Rick Camp told Plaintiff that he will be
24  watching her every move. Plaintiff filed a charge of disability discrimination with DFEH on
25  April 25, 2008 as a result of the Defendant's continued refusal to accommodate her disability.

26     8.   On or around January 6, 2010, Plaintiff's employment was terminated after she was
27  falsely accused of (a) providing unauthorized, undocumented treatment to a friend; (b)
28  improperly using the Defendant's assets; (c) not following proper polices and procedures of the

1 Defendants; and (d) unauthorized access to medical records; and (5) retaliation against a fellow
2 nurse. Those allegations were based on the unverified and inconsistent and false statements made
3 by Ivette Carmegnani, R.N., who had a history of conflicts with Plaintiff.

4     9.   Plaintiff's termination was a major shock to almost all of her co-workers who enjoyed
5 working with Plaintiff and considered her to be one of the best performing medical assistants.

6     10.   As a result of the above conduct, Plaintiff suffered and continues to suffer loss of
7 wages and other job benefits, emotional distress, mental anguish and humiliation according to
8 proof, despite her diligent job search.

9 **FIRST CAUSE OF ACTION**
10 **NEGLIGENCE**
**(Against all Defendants)**
11     11.   Plaintiff repeats, re-alleges, adopts and incorporates herein each and every
12 allegation contained in paragraphs 1 through 10, inclusive, as though fully set forth herein.

13     12.   Defendants and each of them had a duty of care to treat Plaintiff fairly and lawfully,
14 pursuant to their promises to Plaintiff and as required by law.

15     13.   Defendants, and each of them breached this duty of care to Plaintiff through their
16 unfair, unlawful, deceptive or otherwise wrongful conduct as already set forth in full herein.

17     14.   When Defendants, and each of them, acted as alleged herein, it was reasonably
18 foreseeable that their actions would cause serious damages and injuries to be inflicted on
19 Plaintiff.

20     15.   Plaintiff suffered damages legally caused by these Defendants' actions as stated in
21 the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if
22 set forth here in full.

23 **SECOND CAUSE OF ACTION**
24 **DEFAMATION PER SE**
25 **(Against All Defendants)**
26     16.   Plaintiff repeats, re-alleges, adopts and incorporates herein each and every
allegation contained in paragraphs 1 through 15, inclusive, as though fully set forth herein.
27
28     17.   Plaintiff is informed and believes that Defendants, and each of them, by the herein-
described acts, conspired to, and in fact, did negligently, recklessly, and intentionally caused

3

1  external publications of defamation, of and concerning Plaintiff, to third persons and to the
2  community. These and other similar false statements expressly and impliedly stated that Plaintiff
3  Esteban violated important policies, was dishonest and unethical because she provided
4  unauthorized medical treatment and access of records, and attempted to retaliated against a co-
5  worker.

6      18.    While the precise dates of these publications are not known to Plaintiff, except as
7  herein alleged, at least one publication occurred when Defendants issued a notice of termination
8  to Plaintiff, terminating her employment for allegedly engaging in series of unethical violations,
9  dishonesty, unauthorized access to records, unauthorized medical treatment, and retaliation.
10 These publications were outrageous, negligent, reckless, intentional, and maliciously published
11 and republished by Defendants, and each of them. Plaintiff is informed and believes that the
12 negligent, reckless, and intentional publications by Defendants, and each of them, were and
13 continue to be, foreseeably published and republished by Defendants, their agents, employees,
14 and recipients in the community. Plaintiff hereby seeks damages for these publications and all
15 foreseeable re-publications discovered up to the time of trial.

16     19.    During the above-described time-frame, Defendants, and each of them, conspired
17 to, and in fact, did negligently, recklessly, and intentionally cause excessive and unsolicited
18 publication of defamation, of and concerning Plaintiff, to third persons, who had no need or
19 desire to know. Those third person(s) to whom these Defendants published this defamation are
20 believed to include, but are not limited to, other agents and employees of Defendants, and each of
21 them, and the community, all of whom are known to Defendants, and each of them, but unknown
22 at this time to Plaintiff.

23     20.    Plaintiff is informed, believes and fears that these false and defamatory per se
24 statements will continue to be published by Defendants, and each of them, and will be
25 foreseeably republished by their recipients, all to the ongoing harm and injury to Plaintiff's
26 business, professional, and personal reputations. Plaintiff also seeks redress in this action for all
27 foreseeable re-publications, including his own compelled self-publication of these defamatory
28 statements.

21.     The defamatory meaning of all of the above-described false and defamatory statements and their reference to Plaintiff, were understood by these above-referenced third person recipients and other members of the community who are known to Defendants, and each of them, but unknown to Plaintiff at this time.

22.     None of Defendants' defamatory publications against Plaintiff referenced above are true.

23.     The above defamatory statements were understood as assertions of fact, and not as opinion. Plaintiff is informed and believes this defamation will continue to be negligently, recklessly, and intentionally published and foreseeably republished by Defendants, and each of them, and foreseeably republished by recipients of Defendants' publications, thereby causing additional injury and damages for which Plaintiff seeks redress by this action.

24.     Each of these false defamatory per se publications (as set forth above) were negligently, recklessly, and intentionally published in a manner equaling malice and abuse of any alleged conditional privilege (which Plaintiff denies existed), since the publications, and each of them, were made with hatred, ill will, and an intent to vex, harass, annoy, and injure Plaintiff in order to justify the illegal and cruel actions of Defendants, and each of them, to cause further damage to Plaintiff's professional and personal reputation, and to cause her to be fired.

25.     Each of these publications by Defendants, and each of them, were made with knowledge that no investigation supported the unsubstantiated and obviously false statements. The Defendants published these statements knowing them to be false and unsubstantiated by any reasonable investigation. These acts of publication were known by Defendants, and each of them, to be negligent to such a degree as to be reckless. In fact, not only did Defendants, and each of them, have no reasonable basis to believe these statements, but they also had no belief in the truth of these statements, and in fact knew the statements to be false. Defendants, and each of them, excessively, negligently, and recklessly published these statements to individuals with no need to know, and who made no inquiry, and who had a mere general or idle curiosity of this information.

26.     The above complained-of publications by Defendants, and each of them, were made

1 with hatred and ill will towards Plaintiff and the design and intent to injure Plaintiff, Plaintiff's
2 good name, her reputation, employment and employability. Defendants, and each of them,
3 published these statements, not with an intent to protect any interest intended to be protected by
4 any privilege, but with negligence, recklessness and/or an intent to injure Plaintiff and destroy
5 her reputation. Therefore, no privilege existed to protect any of the Defendants from liability for
6 any of these aforementioned publications or re-publications.

7     27.   As a proximate result of the publication and republication of these defamatory
8 statements by Defendants, and each of them, Plaintiff has suffered injury to her personal,
9 business and professional reputation including suffering embarrassment, humiliation, severe
10 emotional distress, shunning, anguish, fear, loss of employment, and employability, and
11 significant economic loss in the form of lost wages and future earnings, all to Plaintiff's
12 economic, emotional, and general damage in an amount according to proof.

13     28.   Defendants, and each of them, committed the acts alleged herein recklessly,
14 maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, for
15 an improper and evil motive amounting to malice (as described above), and which abused and/or
16 prevented the existence of any conditional privilege, which in fact did not exist, and with a
17 reckless and conscious disregard of Plaintiff's rights. All actions of Defendants, and each of
18 them, their agents and employees, herein alleged were known, ratified and approved by the
19 Defendants, and each of them. Plaintiff thus is entitled to recover punitive and exemplary
20 damages from Defendants, and each of them, for these wanton, obnoxious, and despicable acts
21 in an amount based on the wealth and ability to pay according to proof at time of trial.

22     29.   Defendants' defamatory publications were a substantial factor in causing Plaintiff
23 harm. Plaintiff has been damaged in an amount in excess of the jurisdictional limits of this
24 Court, as stated in the section below entitled "DAMAGES," which is incorporated here to the
25 extent pertinent as if set forth here in full.

26 //

27 //

28

## THIRD CAUSE OF ACTION
### LIBEL
#### (Against All Defendants)

30. Plaintiff repeats, re-alleges, adopts and incorporates herein each and every allegation contained in paragraphs 1 through 29, inclusive, as though fully set forth herein.

31. Plaintiff is informed and believes Defendants, and each of them, by the herein-described acts, conspired to, and in fact, did negligently, recklessly, and intentionally caused external written publications of libel, and libel per se, of and concerning Plaintiff, to third persons and to the community. These false and libelous statements were express: the publication on Defendant Kaiser's letter stating that Plaintiff engaged in unauthorized medical treatment, access to medical records and retaliation, among other allegations.

32. During the above-described time-frame, Defendants, and each of them, conspired to, and in fact, did negligently, recklessly, and intentionally cause excessive and unsolicited publication of defamation, of and concerning Plaintiff, to third persons, including Mitch Fox, Maynard Jenkins, and others. Those third person(s) to whom these Defendants published these libelous statements are believed to include, but are not limited to Plaintiff's co-workers and superiors.

33. The libelous publication consisted of written, knowingly false and unprivileged communications, tending directly to injure Plaintiff and Plaintiff's personal, business, and professional reputation.

34. The libelous meaning of all of the above-described false and libelous statements and their reference to Plaintiff, were understood by these above-referenced recipients and possibly others, who are not known to Plaintiff at this time.

35. None of Defendants' libelous publications against Plaintiff referenced above are true.

36. The above libelous statements were understood as assertions of fact, and not as opinion.

37. Each of these false libelous publications (as set forth above) were negligently, recklessly, and intentionally published in a manner equaling malice and abuse of any alleged

7

1 conditional privilege (which Plaintiff denies existed), since the publications, and each of them,
2 were made with hatred, ill will, and an intent to vex, harass, annoy, and injure Plaintiff in order
3 to justify the illegal and cruel actions of Defendants, and each of them, to cause further damage
4 to Plaintiff's professional and personal reputation, and to cause him to be terminated from her
5 position with Kaiser Permanente.

6      38.    Each of these publications by Defendants, and each of them, were made with
7 knowledge that no investigation supported the unsubstantiated and obviously false statements.
8 The Defendants, published these statements knowing them to be false, unsubstantiated by any
9 reasonable investigation. These acts of publication were known by Defendants, and each of
10 them, to be negligent to such a degree as to be reckless. In fact, not only did Defendants, and
11 each of them, have no reasonable basis to believe these statements, but they also had no belief in
12 the truth of these statements, and in fact knew the statements to be false.

13      39.    The above complained-of publications by Defendants, and each of them, were
14 made with hatred and ill will towards Plaintiff and the design and intent to injure Plaintiff,
15 Plaintiff's good name, her reputation, employment and employability. Defendants, and each of
16 them, published these statements, not with an intent to protect any interest intended to be
17 protected by any privilege, but with negligence, recklessness and/or an intent to injure Plaintiff
18 and destroy her reputation. Therefore, no privilege existed to protect any of the Defendants from
19 liability for any of these aforementioned publications or re-publications.

20      40.    As a proximate result of the publication and republication of these defamatory
21 statements by Defendants, and each of them, Plaintiff has suffered injury to her personal,
22 business and professional reputation including suffering embarrassment, humiliation, severe
23 emotional distress, shunning, anguish, fear, loss of employment, and employability, and
24 significant economic loss in the form of lost wages and future earnings, all to Plaintiff's
25 economic, emotional, and general damage in an amount according to proof.

26      41.    Defendants, and each of them, committed the acts alleged herein recklessly,
27 maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, for
28 an improper and evil motive amounting to malice (as described above), and which abused and/or

1  prevented the existence of any conditional privilege, which in fact did not exist, and with a

2  reckless and conscious disregard of Plaintiff's rights. All actions of Defendants, and each of

3  them, their agents and employees, herein alleged were known, ratified and approved by the

4  Defendants, and each of them. Plaintiff thus is entitled to recover punitive and exemplary

5  damages from Defendants, and each of them, for these wanton, obnoxious, and despicable acts

6  in an amount based on the wealth and ability to pay according to proof at time of trial.

7      42.    Defendant's libelous publications were a substantial factor in causing Plaintiff

8  harm. Plaintiff has been damaged in an amount in excess of the jurisdictional limits of this

9  Court, as stated in the section below entitled "DAMAGES," which is incorporated here to the

10  extent pertinent as if set forth here in full.

11                                **DAMAGES**

12      1.    As a legal result of the conduct by Defendants of which Plaintiff complains,

13  Plaintiff suffered and continues to suffer substantial losses in earnings and other employee

14  benefits. Plaintiff will seek leave to amend this complaint to state the amount or will proceed

15  according to proof at trial.

16      2.    Plaintiff has suffered injury to her personal, business and professional reputation

17  including suffering embarrassment, humiliation, severe emotional distress, shunning, anguish,

18  fear, loss of employment, and employability, and significant economic loss in the form of lost

19  wages and future earnings, all to Plaintiff's economic, emotional, and general damage in an

20  amount according to proof.

21      3.    At all material times, Defendants, and each of them, knew that Plaintiff depended

22  on her wages and other employee benefits as a source of earned income. At all material times,

23  Defendants were in a position of power over Plaintiff, with the potential to abuse that power.

24      4.    Notwithstanding such knowledge, Defendants, and each of them, acted

25  oppressively, fraudulently, and maliciously, in willful and conscious disregard of Plaintiff's

26  rights, and with the intention of causing or in reckless disregard of the probability of causing

27  injury and emotional distress to the Plaintiff.

28      5.    Further, Defendants were informed of the oppressive, fraudulent and malicious

conduct of their employees, agents and subordinates, and ratified, approved, and authorized that conduct.

6. The foregoing conduct of Defendants, and each of them, was intentional, willful and malicious and Plaintiff is entitled to punitive damages in an amount to conform to proof.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For a money judgment for loss of employability, mental pain and anguish and emotional distress, according to proof;

2. For general, presumed and special damages based upon damage to Plaintiff's business and personal reputation;

3. For a money judgment representing compensatory damages including lost past and future wages, commissions, and all other sums of money, including employment benefits, together with interest on said amounts, and any other economic injury to Plaintiff, according to proof;

4. For an award of punitive damages against any and/or all Defendant(s) on the following Causes of Action: third, fourth, fifth, sixth, seventh, ninth and eleventh.

5. For costs of suit, including attorney fees under any applicable statutory or contractual basis, including, but not limited to Civil Code §3344;

6. For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining defendants, and each of them, and their agents, servants and employees and all persons acting under, in concert with, or for them;

7. For prejudgment interest under Civil Code § 3288 and Code of Civil Procedure § 998, and any other applicable statutory, or contractual basis;

8. For prejudgment interest according to statute;

9. For costs of suit according to statute; and

10. For any other relief that is just and proper.

COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL; *ESTEBAN v. KAISER, et al.*

1  DATED: June 9, 2010

2                          THE LAW OFFICE OF ARKADY ITKIN

3

4

5                          By:

6                             Arkady Itkin
                             Attorney for Plaintiff,
7                             JANET ESTEBAN

8                      **JURY TRIAL DEMANDED**

9        Plaintiff requests a jury trial.

10

11 DATED: June 9, 2010

12                         THE LAW OFFICE OF ARKADY ITKIN

13

14                         By:

15                            Arkady Itkin
                             Attorney for Plaintiff,
16                            JANET ESTEBAN

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

DATE: NOV-12-2010

TIME: 9:00AM

PLACE: **Department 212**
**400 McAllister Street**
**San Francisco, CA 94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL. (SEE LOCAL RULE 4)**

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

**See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges**

# Alternative Dispute Resolution (ADR) Program Information Package

# Alternatives to Trial

## There are other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint. (CRC 3.221(c))



Superior Court of California
County of San Francisco

# Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can save time.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR encourages participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR is flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

1) Judicial Arbitration
2) Mediation
3) The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### Description

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called <u>judicial arbitration</u>. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through <u>private arbitration</u>. Here, the parties

voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

## Operation

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is <u>not</u> binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

## Cost

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

# MEDIATION

## Description

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

## Operation

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts. Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

## Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

## Mediation Services of the Bar Association of San Francisco

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties. It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process. Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by BASF pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $250 per party administration fee, parties select a specific mediator from the list of approved mediation providers or BASF will help them select an appropriate mediator for the matter. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at **www.sfbar.org/mediation** or you may call BASF at 415-982-1600.

### Judicial Mediation

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.

## Cost

Generally, the cost of Private Mediation ranges from $100 per hour to $800 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $250 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

# EARLY SETTLEMENT PROGRAM

## Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

## Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.

If the Court assigns a matter to the ESP, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial. The settlement conference is typically held 2 to 3 months prior to the trial date. The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP. All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference. All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference. If settlement is not reached through the conference, the case proceeds to trial as scheduled.

*Cost*

All parties must submit a $250 generally non-refundable administrative fee to the Bar Association of San Francisco. Parties who meet certain eligibility requirements may request a fee waiver. For more information, please contact the ESP Coordinator at (415) 782-9000 ext. 8717.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution,
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

or visit the Superior Court Website at
http://sfgov.org/site/courts_page.asp?id=3672

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

400 McAllister Street, San Francisco, CA  94102-4514

| | |
|---|---|
| Plaintiff<br><br>v.<br><br>Defendant | Case No. _____<br><br>**STIPULATION TO ALTERNATIVE<br>DISPUTE RESOLUTION** |

The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:

☐ Private Mediation
☐ Binding arbitration
☐ Non-binding judicial arbitration
☐ BASF Early Settlement Program
☐ Other ADR process (describe) _____

☐ Mediation Services of BASF

☐ Judicial Mediation
Judge _____
Judge _____

Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

_____

_____

---

Name of Party Stipulating     Name of Party or Attorney Executing Stipulation     Signature of Party or Attorney

☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant                                      Dated: _____

Name of Party Stipulating     Name of Party or Attorney Executing Stipulation     Signature of Party or Attorney

☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant                                      Dated: _____

Name of Party Stipulating     Name of Party or Attorney Executing Stipulation     Signature of Party or Attorney

☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant                                      Dated: _____

☐ *Additional signature(s) attached*

ADR-2  3/06              STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | **CM-110** |
|---|---|
| | **FOR COURT USE ONLY** |

TELEPHONE NO.:   FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| | |
|---|---|
| **CASE MANAGEMENT STATEMENT** <br> *(Check one):* ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | **CASE NUMBER:** |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:   Time:   Dept.:   Div.:   Room:

Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone, by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action):*

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ☐ days *(specify number):*
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. Fax number:
   f. E-mail address:
   g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
    a. Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
    b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
    c. ☐ The case has gone to an ADR process *(indicate status):*

**10. d.** The party or parties are willing to participate in *(check all that apply)*:

(1) ☐ Mediation

(2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

(3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

(4) ☐ Binding judicial arbitration

(5) ☐ Binding private arbitration

(6) ☐ Neutral case evaluation

(7) ☐ Other *(specify)*:

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption)*:

**11. Settlement conference**

☐ The party or parties are willing to participate in an early settlement conference *(specify when)*:

**12. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy ☐ Other *(specify)*:
Status:

**14. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 14a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**15. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**16. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues are anticipated *(specify):*

**18. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**21.** Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

| | |
|---|---|
| (TYPE OR PRINT NAME) | ▶ (SIGNATURE OF PARTY OR ATTORNEY) |
| (TYPE OR PRINT NAME) | ▶ (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached.



# Superior Court of California
## County of San Francisco



HON. JAMES J. MCBRIDE
PRESIDING JUDGE

# Judicial Mediation Program

JENIFFER B. ALCANTARA
ADR ADMINISTRATOR

The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to personal injury, professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial Mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable Gail Dekreon
The Honorable Ernest H. Goldsmith
The Honorable Curtis Karnow
The Honorable Charlene P. Kiesselbach
The Honorable Tomar Mason
The Honorable Anne-Christine Massullo
The Honorable Ronald Quidachay

The Honorable A. James Robertson, II
The Honorable Jeffrey S. Ross
The Honorable John K. Stewart
The Honorable Richard Ulmer
The Honorable Monica F. Wiley
The Honorable Mary E. Wiss

Parties interested in Judicial Mediation should file the Stipulation to Alternative Dispute Resolution form indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated on the form but assignment to a particular judge is not guaranteed. Please allow at least 30 days from the filing of the form to receive the notice of assignment. The court Alternative Dispute Resolution Administrator will facilitate assignment of cases that qualify for the program.

Note: Space and availability is limited. Submission of a stipulation to Judicial Mediation does *not* guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

03/2010 (rw)



THE BAR ASSOCIATION
OF SAN FRANCISCO

PROCEDURES, FORMS, MEDIATOR BIOGRAPHIES AND PHOTOGRAPHS:

# www.sfbar.org/mediation

QUESTIONS?
adr@sfbar.org or 415-982-1600

Business
Civil Rights
Commercial
Construction
Contracts
Disability
Discrimination
Education
Employment/Workplace
Environmental
Family
Fee Disputes
Financial
Gay/Lesbian/Bisexual/Transgender Issues
Government
Insurance
Intellectual Property
Intra-Organizational
Labor
Landlord/Tenant
Land Use
Malpractice
Legal/Medical-Professional
Partnership Dissolutions
Personal Injury
Probate/Trust
Products Liability
Real Estate
Securities
Taxation
Uninsured Motorist
Women's Issues
And more...

## What is BASF's Mediation Service?

Mediation is a voluntary, private dispute resolution process in which a trained mediator assists the parties in reaching an outcome that is mutually-agreeable.

Mediation Services was established by The Bar Association of San Francisco (BASF) with extensive input from experienced mediators, litigators and judges. This traditional mediation service is an approved alternative to court ordered Arbitration or Early Settlement.

## How Does it Work?

BASF's Mediation Services works quickly, matching a qualified mediator to a case within days. The assignment process is flexible; experienced BASF staff can suggest a mediator, or you can request three biographies to choose from, or request a particular mediator from our Web site.

## How Much Does the Service Cost?

Mediators generously provide one hour of preparation and two hours of session time free of charge as a service to BASF and the community. To qualify for the pro-bono hours, parties must file the consent to Mediate form with BASF. Hourly fees beyond the three hours vary depending on the mediator selected. BASF charges a small administrative fee, which pays for the costs of running the program.

## Who Can Use the Service?

The service can be utilized by anyone, whether or not the dispute has been filed in a court. If a legal action is already underway, it can be used at any time during the litigation process and is not limited to San Francisco-only litigants.

## Who Are the Mediators?

Experienced mediation professionals are available to assist in most areas of dispute, ranging from multi-party commercial matters to individuals in conflict. Each has been pre-approved pursuant to strict educational and experience requirements. In fact, our mediators average 15 years of mediation experience and 125 hours of formal mediation training.

## More Information

Our Web site - www.sfbar.org/mediation - provides photographs, short biographies and hourly rates of our mediators. You can search by name or by area of law.

If you don't see the area you need in our 30+ panels, just contact us at adr@sfbar.org; it is very likely we can match your need with one of our panelists.

WWW.SFBAR.ORG/MEDIATION • ADR@SFBAR.ORG • 415.982.1600

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | | FOR COURT USE ONLY |
|---|---|---|
| Arkady I. Itkin, SBN 253194<br>The Law Office of Arkady Itkin<br>335 Powell Street 14th Floor<br>San Franisco, CA 94102<br>TELEPHONE NO.: (415) 640-6765<br>ATTORNEY FOR *(Name):* Plaintiff | | **FILED**<br>San Francisco County Superior Court<br>JUN 22 2010<br>CLERK OF THE COURT<br>BY: _____ Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

Superior Court of California, San Francisco County
400 McAllister Street, Civil
San Francisco, CA 94102-0000

| PLAINTIFF/PETITIONER: Esteban | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Kaiser Foundation Hospitals, et al. | CGC-10-500630 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>none |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Summons, Complaint, Civil Case Cover Sheet, Notice to Plaintiff, ADR Information Packet

3. a. Party served: The Permanente Medical Group, Inc., a corporation

   b. Person Served: W William Petrick - Person authorized to accept service of process

4. Address where the party was served: 1950 Franklin Street
   Oakland, CA 94612

5. I served the party
   b. by substituted service. On (date): 6/14/2010        at (time): 2:32 PM    I left the documents listed in Item 2 with or
   in the presence of: Ruth Goong
      (1) (business)    a person at least 18 years of age apparently in charge at the office or usual place of business of
                        the person to be served. I informed him or her of the general nature of the papers.
      (4) A declaration of mailing is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   c. on behalf of:

   The Permanente Medical Group, Inc., a corporation

   under:    CCP 416.10 (corporation)

7. Person who served papers
   a. Name:          Roderick Thompson
   b. Address:       One Legal - 194-Marin
                     504 Redwood Blvd #223
                     Novato, CA 94947
   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 76.75
   e. I am:
      (3) registered California process server.
         (i) Employee or independent contractor.
         (ii) Registration No.:746
         (iii) County ALAMEDA

**BY FAX**

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 6/14/2010

Roderick Thompson                                    *Roderick Thompson*
NAME OF PERSON WHO SERVED PAPERS                           (SIGNATURE)

Form Adopted for Mandatory Use<br>
Judicial Council of California POS-010<br>
[Rev. Jan 1, 2007]                    **PROOF OF SERVICE OF SUMMONS**       Code of Civil Procedure, § 417.10

OL# 6719244

<table>
<tr><td colspan="2">ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):<br>Arkady I. Itkin, SBN 253194<br>The Law Office of Arkady Itkin<br>35 Powell Street 14th Floor<br>San Franisco, CA 94102</td><td>TELEPHONE NO.:<br>(415) 640-6765</td><td>FOR COURT USE ONLY</td></tr>
</table>

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*:
Arkady I. Itkin, SBN 253194
The Law Office of Arkady Itkin
35 Powell Street 14th Floor
San Franisco, CA 94102

TELEPHONE NO.: (415) 640-6765

FOR COURT USE ONLY

ATTORNEY FOR *(Name)*: Plaintiff

Ref. No. or File No.: none

Insert name of court, judicial district or branch court, if any:

Superior Court of California, San Francisco County
400 McAllister Street, Civil
San Francisco, CA 94102-0000

PLAINTIFF:
Esteban

DEFENDANT:
Kaiser Foundation Hospitals, et al.

**PROOF OF SERVICE BY MAIL**

CASE NUMBER:
CGC-10-500630

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 504 Redwood Blvd #223, Novato, CA 94947.

On 6/14/2010, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCIV.P 4(d)(1) was made, I mailed copies of the:

Summons, Complaint, Civil Case Cover Sheet, Notice to Plaintiff, ADR Information Packet

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Oakland, CA, California, addressed as follows:

The Permanente Medical Group, Inc., a corporation
W William Petrick
1950 Franklin Street
Oakland, CA 94612

I am readily familiar with the firm's practice for collection and processing of documents for mailing. Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

$ 76.75

Peter House
One Legal - 194-Marin
  Redwood Blvd #223
Novato, CA 94947

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 6/14/2010 at Oakland, California.

_signature_

Peter House

OL# 6719244

CIV-110

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Arkady Itkin (SBN 253194)
Law Office of Arkady Itkin
335 Powell Street, 14th Floor
San Francisco, CA 94102
TELEPHONE NO. (415) 640-6765    FAX NO. (Optional): (415) 508-3474
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiff, Janet Esteban

FOR COURT USE ONLY

**F I L E D**
San Francisco County Superior Court

JUL 1 3 2010

CLERK OF THE COURT
BY: _____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS 400 McAllister Street
MAILING ADDRESS
CITY AND ZIP CODE San Francisco 94102
BRANCH NAME

PLAINTIFF/PETITIONER: ESTEBAN

DEFENDANT/RESPONDENT: THE PERMANENTE MEDICAL GROUP

**REQUEST FOR DISMISSAL**

- [ ] Personal Injury, Property Damage, or Wrongful Death
  - [ ] Motor Vehicle  [ ] Other
- [ ] Family Law  [ ] Eminent Domain
- [✓] Other (specify): Employment

CASE NUMBER
CGC-10-500630

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -

**BY FAX**

1. TO THE CLERK: Please dismiss this action as follows:
   a. (1) [ ] With prejudice  (2) [✓] Without prejudice
   b. (1) [✓] Complaint  (2) [ ] Petition
   (3) [ ] Cross-complaint filed by (name):                          on (date):
   (4) [ ] Cross-complaint filed by (name):                          on (date):
   (5) [ ] Entire action of all parties and all causes of action
   (6) [✓] Other (specify): Defendant Kaiser Foundation Hospitals ONLY

2. (Complete in all cases except family law cases.)
   [ ] Court fees and costs were waived for a party in this case. (This information may be obtained from the clerk. If this box is checked, the declaration on the back of this form must be completed).

Date: July 13, 2010

Arkady Itkin                                              ▶ _____ (SIGNATURE)
TYPE OR PRINT NAME OF [✓] ATTORNEY [ ] PARTY WITHOUT ATTORNEY
*If dismissal requested is of specified parties only of specified causes of action
only, or of specified cross-complaints only, so state and identify the parties,
causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
[ ] Plaintiff/Petitioner  [ ] Defendant/Respondent
[ ] Cross-Complainant

3. TO THE CLERK: Consent to the above dismissal is hereby given.**
   Date:

                                                         ▶ _____ (SIGNATURE)
TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY
** If a cross-complaint – or Response (Family Law) seeking affirmative
relief – is on file, the attorney for cross-complainant (respondent) must
sign this consent if required by Code of Civil Procedure section 581 (i)
or (j).

Attorney or party without attorney for:
[ ] Plaintiff/Petitioner  [ ] Defendant/Respondent
[ ] Cross-Complainant

(To be completed by clerk)
4. [ ] Dismissal entered as requested on (date):
5. [ ] Dismissal entered on (date):                          as to only (name):
6. [ ] Dismissal not entered as requested for the following reasons (specify):

7. a. [ ] Attorney or party without attorney notified on (date):
   b. [ ] Attorney or party without attorney not notified. Filing party failed to provide
      [ ] a copy to be conformed  [ ] means to return conformed copy

Date:                                    Clerk, by _____ , Deputy

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 (Rev. July 1, 2009)
**REQUEST FOR DISMISSAL**
Code of Civil Procedure, § 581 et seq.;
Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390
www.courtinfo.ca.gov

| PLAINTIFF/PETITIONER: ESTEBAN | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: THE PERMANENTE MEDICAL GROUP | CGC-10-500630 |

## Declaration Concerning Waived Court Fees

> The court has a statutory lien for waived fees and costs on any recovery of $10,000 or more in value by settlement, compromise, arbitration award, mediation settlement, or other recovery. The court's lien must be paid before the court will dismiss the case.

1. The court waived fees and costs in this action for (name):

2. The person in item 1 (check one):
   a. ☐ is not recovering anything of value by this action.
   b. ☐ is recovering less than $10,000 in value by this action.
   c. ☐ is recovering $10,000 or more in value by this action. (If item 2c is checked, item 3 must be completed.)

3. ☐ All court fees and costs that were waived in this action have been paid to the court (check one): ☐ Yes ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: _____

_____          ▶ _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)                    (SIGNATURE)

**REQUEST FOR DISMISSAL**

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

JUL 15 2010

CLERK OF THE COURT
Superior Court of California, County of San Francisco
BY:_____
DEPUTY CLERK

1　Bingham McCutchen LLP
　　WENDY M. LAZERSON (SBN 97285)
2　wendy.lazerson@bingham.com
　　CHRISTINE DE BRETTEVILLE (SBN 198167)
3　christine.debretteville@bingham.com
　　1900 University Avenue
4　East Palo Alto, CA 94303-2223
　　Telephone:. 650.849.4400
5　Facsimile: 650.849.4800

6　Attorneys for Defendant
　　THE PERMANENTE MEDICAL GROUP, INC.
7

8　　　　　　　SUPERIOR COURT OF CALIFORNIA,

9　　　　　　　　COUNTY OF SAN FRANCISCO

10　　　　　　　　UNLIMITED JURISDICTION

11　　　　　　　　　　　　　　　　　　　　By FAX

12　JANET ESTEBAN,　　　　　　　　　No. CGC 10-500630

13　　　　　　　Plaintiff,　　　　　　ANSWER OF DEFENDANT THE
　　　　　　　　　　　　　　　　　　PERMANENTE MEDICAL GROUP,
14　　　　v.　　　　　　　　　　　　INC. TO PLAINTIFF'S COMPLAINT

15　KAISER FOUNDATION HOSPITALS, a
　　Corporation, THE PERMANENTE MEDICAL　Complaint Filed:　June 9, 2010
16　GROUP, INC., a corporation, KATHRYN
　　ZENDER, YVETTE CARMEGNANI, and
17　DOES 1-50, inclusive,

18　　　　　　　Defendant..

19

20　　　　　Defendant THE PERMANENTE MEDICAL GROUP, INC. ("Defendant" or

21　"TPMG"), for itself alone and no others, answers the unverified Complaint ("Complaint") of

22　Plaintiff JANET ESTEBAN ("Plaintiff") on file herein as follows:

23　　　　　　　　　　　　　GENERAL DENIAL

24　　　　　Pursuant to California Code of Civil Procedure § 431.30(d), Defendant denies

25　generally each and every allegation in the Complaint herein, including but not limited to, that

26　Plaintiff is entitled to any of the relief requested, that Defendant is guilty of any wrongful

27　conduct or omissions, whether alleged or otherwise, and that conduct or omissions of Defendant

28　caused any injury or damages to Plaintiff in the manner or amount alleged, or at all.

A/72435550.1

DEFENDANT THE PERMANENTE MEDICAL GROUP'S ANSWER TO PLAINTIFF'S
COMPLAINT

1    WITHOUT WAIVING ANY OF THE FOREGOING ANSWERS OR

2    DEFENSES, AND AS FOR ITS AFFIRMATIVE DEFENSES TO THE COMPLAINT,

3    DEFENDANT ALLEGES AS FOLLOWS:

### FIRST AFFIRMATIVE DEFENSE

5    Plaintiff's Complaint and its causes of action are completely preempted by

6    Section 301 of the Labor Management Relations Act.  29 U.S.C. §185(a).

### SECOND AFFIRMATIVE DEFENSE

8    Plaintiff's Complaint and its causes of action are barred, in whole or in part, by

9    Plaintiff's failure to exhaust her grievance procedures, dispute resolution procedures, and other

10   remedies under the collective bargaining agreement governing her employment with Defendant.

### THIRD AFFIRMATIVE DEFENSE

12   Plaintiff's Complaint and its causes of action fail to state facts sufficient to

13   constitute a cause of action upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

15   Plaintiff's Complaint and its causes of action are barred in whole or in part by the

16   applicable statutes of limitations, including, but not limited to California Code of Civil Procedure

17   §§ 335.1, 340 and 343.

### FIFTH AFFIRMATIVE DEFENSE

19   Plaintiff's Complaint and its causes of action are barred, in whole or in part, by

20   the exclusive remedy provisions of the California workers' compensation laws.

### SIXTH AFFIRMATIVE DEFENSE

22   Plaintiff's Complaint and its causes of action are barred, in whole or in part, by

23   the doctrine of after-acquired evidence.

### SEVENTH AFFIRMATIVE DEFENSE

25   Plaintiff's Complaint and its causes of action are barred on the ground that any

26   damage resulting to Plaintiff as a result of matters alleged in the Complaint was due wholly to

27   Plaintiff's own conduct.

28

A/73435550.1

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and its causes of action are barred because Defendant has complied with and performed fully any and all obligations imposed upon it by law, contract, or equity, and any obligation owed to Plaintiff has been satisfied, released, or otherwise discharged.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and its causes of action are barred by the doctrines of actual or implied consent.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and its causes of action are barred because any statements made regarding Plaintiff were privileged.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and its causes of action are barred because any statements made regarding Plaintiff were true.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and its causes of action are barred because any statements made regarding Plaintiff were nonactionable statements of opinion.

## THIRTEENTH AFFIRMATIVE DEFENSE

Without admitting that Defendant is at fault in any way or that Plaintiff has incurred any damages, and solely for the purpose of stating its defense, Defendant states that Plaintiff's Complaint and its causes of action are barred on the ground that any award to Plaintiff must be reduced on the basis of her failure and refusal to make reasonable efforts to mitigate, minimize, or avoid any alleged damages.

## PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1.      That the Complaint be dismissed with prejudice and Plaintiff take nothing by her Complaint;

2.      That Defendant be awarded its costs and attorneys' fees of defense, as permitted by law; and

A/73435550.1

3

1       3.     That Defendant be awarded such other and further relief as the Court

2 deems just and proper.

DATED: July 15, 2010           Bingham McCutchen LLP

By: _____

                  Christine de Bretteville
                  Attorneys for Defendant
        The Permanente Medical Group, Inc.

DEFENDANT THE PERMANENTE MEDICAL GROUP'S ANSWER TO PLAINTIFF'S
COMPLAINT

1   <u>PROOF OF SERVICE</u>

2          I am over 18 years of age, not a party to this action and employed in the County

3   of San Mateo, California at 1900 University Avenue, East Palo Alto, California 94303-2223. I

4   am readily familiar with the practice of this office for collection and processing of

5   correspondence for mailing with the United States Postal Service and correspondence is

6   deposited with the United States Postal Service that same day in the ordinary course of business.

7          Today I served the attached:

8          ANSWER OF DEFENDANT THE PERMANENTE MEDICAL
           GROUP, INC. TO PLAINTIFF'S COMPLAINT
9
    by causing a true and correct copy of the above to be placed in the United States Mail at East
10
    Palo Alto, California in sealed envelope(s) with postage prepaid, addressed as follows:
11
12         Arkady Itkin, Esq.
           Law Offices of Arkady Itkin
13         335 Powell Street, 14th Floor
           San Francisco, CA 94102
14
           I declare that I am employed in the office of a member of the bar of this court at
15
    whose direction the service was made and that this declaration was executed on July 15, 2010.
16

17

18   _____
                    Mary F. Maggini
19

20

21

22

23

24

25

26

27

28

                                          1